UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| LYNDA VARNER, | ) |
| Plaintiff, | ) CASE NO. _____ |
| v. | ) |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.; AND LITOW LAW OFFICE, P.C., | ) |
| Defendants. | ) |

NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, American Express Travel Related Services, Inc (AMEX). AMEX hereby removes from the Iowa District Court in and for Johnson County, Iowa, the following described and captioned lawsuit, and respectfully shows:

1.   AMEX is one of two defendants in the civil action filed by the plaintiff, Lynda Varner, in the Iowa District Court in and for Johnson County, Iowa, captioned as *Lynda Varner v. American Express Travel Related Services, Inc., and Litow Law Office, P.C.*, Case No. LACV 070397.

2.   Pursuant to 28 U.S.C. §§ 1441 and 1446, AMEX removes the plaintiff's state court action to this Court, which is the judicial district in which the lawsuit is pending.

3.   Plaintiffs assert claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* as well as Iowa state law.

1

4. Removal of the plaintiff's state court action is proper under 28 U.S.C. § 1441. If the action had originally been brought in this Court, the Court would have had original jurisdiction over the FDCPA claims per 28 U.S.C. § 1331 and 15 U.S.C. § 1692k and supplemental jurisdiction over the state law claims.

5. Original jurisdiction on the basis of federal question jurisdiction exists because plaintiff asserts claims under the FDCPA.

6. Pursuant to 28 U.S.C. § 1446(b), AMEX has timely filed this Notice of Removal. The complaint was served on AMEX on March 3, 2009. This Notice of Removal is filed within 30 days of receipt of the complaint by AMEX and is, therefore, timely filed under 28 U.S.C. § 1446(b).

7. All named defendants consent to this Removal. AMEX attaches as Exhibit "A" to this Notice of Removal, and incorporates by reference, a copy of Litow Law Office, P.C.'s Consent to Removal.

8. Pursuant to 28 U.S.C. § 1446(a), AMEX attaches to this Notice of Removal, and incorporates by reference, a copy of the plaintiff's complaint.

WHEREFORE, based upon this Court's federal question and supplemental jurisdiction, defendant, American Express Travel Related Services, Inc., respectfully requests that this case proceed in this Court, as an action properly removed from the Iowa District Court in and for Johnson County, Iowa.

Respectfully Submitted,

_____
Charles L. Litow AT0004732
P.O. Box 2165
Cedar Rapids, IA 52406
Telephone:   (319) 362-3000
Facsimile:   (319) 362-3277

Attorneys for Defendant,
American Express Travel Related
Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record ___ by hand; ___ by ECF/CM; ___ by fax; ___ by FedEx; _X_ by placing a copy of same in the U.S. Mail, postage prepaid this 26 day of March, 2009.

_____

N:\NCO\Varner, Lynda v. American Express Travel (6947-09-24131)\Pleadings\Notice of Removal.doc

Copy to Greg Goerdes
Dey Building
105 Iowa Ave., Suite 234
Iowa City IA 52240

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| LYNDA VARNER, | ) | |
| | ) | CASE NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN EXPRESS TRAVEL | ) | |
| RELATED SERVICES, INC.; AND | ) | |
| LITOW LAW OFFICE, P.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

EXHIBIT A

NOTICE OF CONSENT OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, LITOW LAW OFFICE P.C. and hereby consents to the removal of the from the Iowa District Court in and for Johnson County, Iowa, the following described and captioned lawsuit: *Lynda Varner v. American Express Travel Related Services, Inc., and Litow Law Office, P.C.*, Case No. LACV 070397.

WHEREFORE, based upon the request of American Express Travel Related Services, Inc. and this Court's federal question and supplemental jurisdiction, defendant, Litow Law Office., respectfully requests that this case proceed in this Court, as an action properly removed from the Iowa District Court in and for Johnson County, Iowa.

Respectfully Submitted,

1

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record ___ by hand; ___ by ECF/CM; ___ by fax; ___ by FedEx; _✓_ by placing a copy of same in the U.S. Mail, postage prepaid this 26 day of March 2009.

_____
Charles L. Litow AT0004732
P.O. Box 2165
Cedar Rapids, IA 52406
Telephone:   (319) 362-3000
Facsimile:   (319) 362-3277

Attorneys for Defendant,
LITOW LAW OFFICE, P.C.

Greg Gerdes
Dey Building
105 Iowa Ave, Suite 234
Iowa City, IA 52240
Attorney for Lynda Varner

N:\NCO\Varner, Lynda v. American Express Travel (6947-09-24131)\Pleadings\Notice of Removal.doc

2

IN THE IOWA DISTRICT COURT
IN AND FOR JOHNSON COUNTY, IOWA

| | |
|---|---|
| LYNDA VARNER<br>Plaintiff, | CASE NO. LACV070397 |
| vs. | PETITION AND JURY DEMAND |
| AMERICAN EXPRESS TRAVEL<br>RELATED SERVICES, INC.; AND<br>LITOW LAW OFFICE, P.C.,<br>Defendants. | |

For her cause of action, Plaintiff states:

### Common Allegations

1. Plaintiff is a resident of Johnson County, Iowa.

2. Defendant American Express Travel Related Services, Inc. is a corporation organized under the laws of the State of New York and is also known as American Express Travel Related Services Company, Inc. Defendant Litow Law Office, P.C. is a professional corporation organized under the laws of the state of Iowa and is located in Linn County, Iowa.

3. At some point prior to June 18, 2008 Defendant American Express Travel Related Services, Inc. obtained a judgment against Vernon Varner in the case designated as Johnson County LACV065363 and captioned American Express Travel Related Services, Inc. v. Vernon Varner.

4. On or about June 18, 2008, in Johnson County, Iowa, Defendant American Express Travel Related Services, Inc., through its authorized agent Litow Law Office, P.C., caused an execution to issue against Plaintiff Lynda Varner in the case described in paragraph three and attempted to satisfy this execution by garnishing wages and/or other funds from an entity known as Counseling Center of Iowa City which was the property of Plaintiff. Attached as Exhibit A are documents which verify this garnishment.

5. At all times relevant, Plaintiff was employed by or otherwise affiliated with the Counseling Center of Iowa City.

6. At no time has Defendant American Express Travel Related Services, Inc. ever obtained a judgment against Lynda Varner.

7. Plaintiff is not and never has been indebted to Defendant American Express Travel Related Services, Inc. for the debt which the execution and garnishment described above sought to collect.

8. The debt which Defendant American Express Travel Related Services, Inc. sought to collect from Plaintiff is a debt which is a consumer debt.

9. The amount at stake in this controversy exceeds the minimum amount required for this court's jurisdiction.

### COUNT I: Abuse of Process

10-18. Paragraphs one through nine of the above-described Common Allegations are incorporated by this reference.

19. In commencing the execution and garnishment against Plaintiff which is described above, Defendant American Express Travel Related Services, Inc. attempted to embarrass, coerce, and intimidate Plaintiff into paying a debt for which she had no legal responsibility.

20. Defendant American Express Travel Related Services, Inc. used the legal process of execution and garnishment in an improper or unauthorized manner and thereby caused damages to Plaintiff. Those damages include extraordinary damages.

21. Defendant Litow Law Office, P.C., used the legal process of execution and garnishment in an improper or unauthorized manner and thereby caused damages to Plaintiff. These damages include extraordinary damages.

WHEREFORE, Plaintiff demands joint and several judgment for all damages caused to her and for the costs of this action.

### COUNT II: Malicious Prosecution

22-30. Paragraphs one through nine of the above-described Common Allegations are incorporated by this reference.

2

31. The execution and garnishment described above were civil judicial proceedings.

32. These judicial proceedings wre terminated in favor of Plaintiff.

33. Defendant American Express Travel Related Services, Inc. commenced the execution and garnishment described above without probable cause. Defendant Litow Law Office, P.C. likewise acted without probable cause.

34. Defendant American Express Travel Related Services, Inc. commenced the execution and garnishment described above with malice. Defendant Litow Law Office, P.C. likewise acted with malice.

35. Defendants' actions have resulted in damages to Plaintiff. These damages include, without limitation, the garnishment of her earnings and other extraordinary damages.

WHEREFORE, Plaintiff demands joint and several judgment against Defendants for all damages caused to her and for the costs of this action.

### Count III: Intentional Infliction of Emotional Distress

36-44. Paragraphs one through nine of the above-described Common Allegations are incorporated by this reference.

45. In commencing and carrying out the execution and garnishment proceedings described above, Defendants American Express Travel Related Services, Inc. and Litow Law Office, P.C. intentionally caused emotional distress to Plaintiff.

WHEREFORE, Plaintiff demands joint and several judgment against both Defendants for all damages caused to her and for the costs of this action.

### Count IV: Negligent Infliction of Emotional Distress

46-54. Paragraphs one through nine of the above-described Common Allegations are incorporated by this reference.

55. In commencing and carrying out the execution and garnishment proceedings described above, Defendants negligently caused emotional distress to Plaintiff.

3

WHEREFORE, Plaintiff demands joint and several judgment against both Defendants for all damages caused to her and for the costs of this action.

### Count V: Civil Rights

56-64. Paragraphs one through nine of the above-described Common Allegations are incorporated by this reference.

65. In carrying out the execution and garnishment process described above, Defendants utilized and obtained the official services of public officials employed by Johnson County, Iowa and/or the State of Iowa. In so doing, Defendants acted together with these officials and obtained significant aid and benefit from the same.

66. These public officials, at the request of Defendants and under color of law, carried out their statutory duties in a manner which resulted in the deprivation of Plaintiff's constitutional rights, including the right to own and enjoy property and the right of due process.

67. Plaintiff has suffered damages as a result of these actions.

68. An award of damages under 42 USC §1983 is appropriate and is requested. These damages should include Plaintiff's attorney fees.

WHEREFORE, Plaintiff demands joint and several judgment against both Defendants for all damages caused to her and for the costs of this action.

### Count VI: Fair Debt Collection Practices Violations

69-77. Paragraphs one through nine of the above-described Common Allegations are incorporated by this reference.

78. Defendant American Express Travel Related Services, Inc. through its authorized agent has violated the Fair Debt Collection Practices Act, as codified in 15 U.S.C. §1692 and following.

79. Defendant Litow Law Office, P.C. in acting as a debt collector and in attempting to garnish and seize the property of Plaintiff to satisfy a judgment entered against another, likewise violated the Fair Debt Collection Practices Act.

4

80. In so doing, each Defendant has caused damages to Plaintiff.

81. Without limitation, the actions of the Defendants which have resulted in these violations include the failure to give proper notice of the debt, the failure to verify the debt, and the use of abusive collection practices.

82. An award of statutory and compensatory damages and attorney fees is appropriate.

WHEREFORE, Plaintiff demands judgment for all damages to which she is entitled and for the costs of this action.

### Count VII: Iowa Code Chapter 537 Violations

83-91. Paragraphs one through nine of the above-described Common Allegations are incorporated by this reference.

92. Defendant American Express Travel Related Services, Inc., and Litow Law Office, P.C., have violated one or more provisions of Iowa Code Chapter 537. Without limitation, these violations include the failure to provide proper notice before commencing legal action and engaging in abusive collection practices

93. In so doing, Defendants have caused damages to Plaintiff.

94. An award of statutory and compensatory damages and attorney fees is appropriate.

WHEREFORE, Plaintiff demands judgment for all damages caused to her and to which she is entitled and for costs of this action.

### Count VIII: Punitive Damages

95-103. Paragraphs one through nine of the above-described Common Allegations are incorporated by this reference.

104. The actions of each Defendant were done intentionally and/or with legal malice and are otherwise sufficient to justify an assessment of punitive damages against it under each of the counts specified above.

WHEREFORE, Plaintiff requests from Defendant statutory, compensatory and punitive damages, interest as provided by law, the costs of this action, and attorney fees.

### JURY DEMAND

Plaintiff demands trial by jury for all issues so triable in this matter.

Respectfully Submitted,

BY: *(signature)*

GREGG GEERDES (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)
Dey Building
105 Iowa Avenue, Suite 234
Iowa City, Iowa 52240
(319) 341-3304 Telephone
(319) 341-3306 Fax

ATTORNEY FOR LYNDA VARNER

6